[Cite as *Besancon v. Cedar Lane Farms*, 2018-Ohio-4917.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

WILLIAM BESANCON, et al.

    Appellants

    v.

CEDAR LANE FARMS CORP

    Appellee

C.A. No.      18AP0006

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2014 CVC-A 000251

DECISION AND JOURNAL ENTRY

Dated: December 10, 2018

---

CALLAHAN, Judge.

{¶1} Appellants, William and Sandy Besancon, appeal an order of the Wayne County Court of Common Pleas that released and distributed a supersedeas bond. This Court affirms.

I.

{¶2} William and Sandy Besancon ("the Besancons") filed a complaint against Cedar Lane Farms seeking a declaratory judgment regarding their rights under a lease, reformation of a lease extension agreement to conform to the parties' alleged intentions, and a judgment against Cedar Lane Farms for conversion of proceeds due to the Besancons from a third party. Cedar Lane Farms filed counterclaims alleging intentional interference with a contractual relationship and breach of contract and seeking a corresponding declaration of the parties' rights under the lease. The trial court entered judgment in favor of the Besancons and awarded them $5,000 in damages on the conversion claim.

{¶3} Cedar Lane Farms appealed the judgment, obtained a stay of execution pending appeal, and posted a supersedeas bond in the amount of $25,000 in cash on deposit with the clerk of courts. This Court reversed the trial court's judgment with respect to reformation of the lease extension, but affirmed the rest of the trial court's judgment. *Besancon v. Cedar Lane Farms Corp.*, 9th Dist. Wayne No. 16AP0003, 2017-Ohio-347. Cedar Lane Farms appealed to the Ohio Supreme Court. While the parties' jurisdictional memoranda were pending, the Besancons moved the trial court to increase the supersedeas bond from $25,000 to $50,000, arguing that they had sustained significant losses to the subject property since the bond was posted. The trial court denied the motion. The Ohio Supreme Court ultimately declined to hear the appeal. *Besancon v. Cedar Lane Farms Corp.*, 151 Ohio St.3d 1425, 2017-Ohio-8371.

{¶4} The Besancons moved the trial court to release the full amount of the supersedeas bond to them, arguing that in the two years since the bond had been posted, they had sustained almost $50,000 in damages occasioned by the stay of execution on the trial court's judgment. Cedar Lane Farms did not oppose the motion. Three months later, the trial court released the bond and ordered the clerk of courts to distribute $5,625 to the Besancons, representing the judgment on the conversion claim plus interest, and the balance to Cedar Lane Farms. The Besancons moved for a stay of execution of this order and filed this appeal.

II.

MOTION TO DISMISS

{¶5} Cedar Lane Farms moved to dismiss this appeal as moot because the supersedeas bond has been released and the proceeds distributed. The Besancons requested a stay of execution of the trial court's order within three days of its journalization. The Clerk of Courts, however, released the supersedeas bond only two hours after the trial court's order was docketed.

Under these circumstances, this Court concludes that the Besancon's appeal is not moot, and the motion to dismiss is denied.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY FAILING TO HAVE A HEARING TO DETERMINE DAMAGES AFTER REQUIRING THE DEFENDANT-APPELLEE TO POST A SUPERSEDEAS BOND TO PROTECT THE PLAINTIFFS-APPELLANTS DURING APPEAL IN CASE NUMBER 2016-AP-X-000003.

{¶6}    The Besancons' assignment of error argues that the trial court abused its discretion by failing to have a hearing on their motion to release bond.  This Court disagrees.

{¶7}    Under Civ.R. 7(B), a trial court may permit the determination of motions without an oral hearing by local rule.  Local Rule 4(C)(2) of the Wayne County Court of Common Pleas provides that all motions other than motions for summary judgment "will be decided without oral hearing unless oral argument is requested and determined necessary by the Court."  The Besancons did not request a hearing, and a hearing was not otherwise required by R.C. 2505.09 et seq. or Civ.R. 62(B), which govern supersedeas bonds.  The Besancons have not directed this Court to any authority supporting their position that the trial court's decision not to hold a hearing was an abuse of discretion under these circumstances, and their sole assignment of error is overruled.

III.

{¶8}    The Besancons' assignment of error is overruled, and the judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

BRYAN K. BARNARD, Attorney at Law, for Appellants.

J. DOUGLAS DRUSHAL, ERIC T. MICHENER, and ERIC M. GAMMARINO, Attorneys at Law, for Appellee.